United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD ROSE, et al.,

      Plaintiffs,

    v.

TRENT RHORER, et al.,

      Defendants.

Case No. 13-cv-03502-WHO

**ORDER RE PLAINTIFF FORE'S EMERGENCY EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 48

On August 14, 2013, plaintiffs filed an Emergency Ex-Parte Request for a Temporary Restraining Order.  Docket No. 47, as amended, Docket No. 48. In that motion, plaintiffs requested an "under oath telephone conference" regarding defendants' alleged failure to offer plaintiff Fore an adequate shelter bed.

As the Court explained at the hearing on August 9, 2013, the purpose of a temporary restraining order is to preserve the status quo pending the time a District Court can hear a motion for preliminary injunction.  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974).  In other words, in all but the most unusual circumstances a temporary restraining order would not mandate a change in the then-existing circumstances in the case.  The City agreed voluntarily to preserve the status quo pending the hearing which is set for September 6, 2013.

Here, the relief that plaintiff Fore seeks is not to preserve the status quo but to affirmatively require the City to secure a specific sort of bed for him.  The Court did encourage the City to discuss Mr. Fore's needs with him and to see if an accommodation could be made, but it did not mandate any particular response from the City.  It appears from plaintiffs' Emergency Ex-Parte Request for a Temporary Restraining Order that the parties did meet but that the offered

accommodation was not acceptable to Mr. Fore. This did not violate an order of the Court and the Court at this juncture will not mandate a change in the status quo.  Accordingly, the Emergency Motion (Docket No. 48) will be denied. The City has indicated that it notified the ADA liaison at the Mission Neighborhood Resource Center that it might expect Mr. Fore to seek shelter and that he may need an ADA accommodation.

As the City argued at the hearing on August 9, 2013, the Americans with Disabilities Act would not require the City and County to convert its program for emergency shelters for the homeless into one that offers longer term shelter for homeless disabled people.  The Court encourages the parties to cooperate to the extent possible to find a longer term solution to the plaintiffs' housing needs. But it is worth repeating that the issue for the hearing on plaintiffs' motion for injunctive relief is whether disabled homeless people are discriminated against by the City and County because its reservation system for emergency shelters does not comply with its obligations under the American with Disabilities Act.

**IT IS SO ORDERED**.

Dated: August 16, 2013

_____

WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California