UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD ROSE, et al.,

    Plaintiffs,

v.

TRENT RHORER, et al.,

    Defendants.

Case No. 13-cv-03502-WHO

**ORDER REGARDING PLAINTIFFS' MOTIONS FOR "EMERGENCY PROTECTION"**

Re: Dkt. Nos. 64, 65

## INTRODUCTION

The plaintiffs' ex parte motions "for emergency protection from these criminal defendants" are before the Court. Dkt. Nos. 64 and 65. The defendants have opposed the plaintiffs' motions. Dkt. No. 66. The Court denies the motions.

## BACKGROUND

On August 5, 2013, the *pro se* plaintiffs filed a motion for a temporary restraining order against various San Francisco departments and individuals ostensibly involved in running San Francisco's homeless shelters. Dkt. No. 41. The plaintiffs allege that San Francisco's method for reserving shelter beds violates the Americans with Disabilities Act. Two requests for continuances by the plaintiffs have been granted. Dkt. Nos. 60, 63. The motion is currently scheduled to be heard on October 28, 2013 at 2:00 pm. Dkt. No 63. Given the time that has passed since the plaintiffs' initial motion, the Court will treat the motion as one for a preliminary injunction.

On October 7, 2013, the plaintiffs filed a motion captioned "Immediate, Life Threatening, Extreme Emergency Ex Parte Motion, Application and Petition for Immediate Emergency Protection from These Criminal Defendants and for a Court Order Based Upon Retaliatory Defendants Threat and Threatening the Life of the Plaintiffs." Dkt. No. 64. Two days later, the plaintiffs filed an apparent amendment to their motion, captioned "Ex Parte Motion for a Brief Telephone Conference in Support of Their Enclosed Amended Ex Parte Motion for Protection

from the Defendants with Plaintiffs Rose and Richards' Amended Immediate, Life Threatening, Extreme Emergency Ex Parte Motion, Application and Petition for Immediate Emergency Protection from these Criminal Defendants and for a Court Order Based Upon Retaliatory Defendants Threat and Threatening the Life of the Plaintiffs." Dkt. No. 65.

The plaintiffs allege that, in retaliation for filing the motion for a temporary restraining order, the defendants have subjected them to a hostile living environment at the homeless shelter where they reside, and their possessions, including medication and medical devices, have been confiscated. The plaintiffs assert that "[i]t is therefore absolutely impossible now, for the TERRORIZED Plaintiffs in both extreme mental torture and extreme physical pain to FINISH THEIR BRIEFING for submission to this Court!" Dkt. No. 64 at 7. As a result, the plaintiffs request that the Court order that the defendants, for 15 days, "pay the costs of the TEMPORARY HOTEL ROOMS and transfer Plaintiffs and all their possessions to and from them!!" *Id.* at 8. The plaintiffs also moved "for a very soon Telephone Conference of as long as a duration as the Court wishes for further under oath testimony, or additional information, or to iron out any further details as the Court so desires!" Dkt. No. 65 at 13.

The defendants filed a "Preliminary Opposition" to the plaintiffs' submissions on October 10, 2013. Dkt. No. 66. The defendants note that the homeless shelter where the plaintiffs reside is operated by an independent non-profit organization which provides shelter services under contract with San Francisco. Consequently, argue the defendants, the plaintiffs' "allegations are not allegations of misconduct by the City and County of San Francisco, any of its employees, or any defendant in this case." Dkt. No. 66 at 1. The defendants also assert that the possessions which were allegedly "confiscated" were in fact "excess possessions" that were "bagged and stored to allow other clients ready access to their own shelter beds and to abate the health and safety hazards from [the plaintiff's] use of numerous electrical devices and extension cords and from an infestation of cockroaches in [the plaintiff's] possessions." *Id.* at 1-2. The defendants also argue that the relief requested by the plaintiffs'—placement in private hotel rooms—is unavailable on a request for temporary restraining order as the relief does not preserve the status quo. *Id.* at 2.

**DISCUSSION**

**A. The plaintiffs' requests are denied**

The Court agrees that the relief that the plaintiffs seek is not appropriate. As the Court explained at the hearing on August 9, 2013 and in its August 16, 2013 order, the purpose of a temporary restraining order is to preserve the status quo pending the time a court can hear a motion for a preliminary injunction. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). The defendants have previously agreed to allow the plaintiffs to maintain their shelter reservations until October 31, 2013, letting the plaintiffs circumvent the reservation system that is the object of their motion for a preliminary injunction. Dkt. No. 52 at 4. The status quo is thus already preserved until the hearing on the motion for a preliminary injunction. What the plaintiffs seek now, placement in private hotel rooms, would not preserve the status quo and is therefore not appropriate. The plaintiffs' request to be placed in hotel rooms is DENIED. Further testimony on this point would not be helpful and the plaintiffs' request for a telephone conference is also DENIED. However, if the plaintiffs wish to move forward the date of the hearing on the preliminary injunction, they may contact the Court's courtroom deputy at (415) 522-2077 and the Court will determine if an earlier date is possible.

**B. Current status of the case**

A review of the current status of this matter may be helpful. The plaintiffs filed their initial complaint and motion for a temporary restraining order on July 30, 2013. Dkt. No. 1. The plaintiffs filed a second ex parte motion for a temporary restraining order on August 5, 2013. Dkt. No. 41. On August 23, 2013, the defendants filed an answer to the plaintiffs' complaint and a full opposition to the motion for a preliminary injunction. Dkt. Nos. 51-52. The plaintiffs were then granted two continuances of the hearing on their motion for a preliminary injunction. Dkt. Nos. 60, 63. The motion is scheduled to be heard on October 28, 2013.

It appears from the plaintiffs' second request for a continuance that the plaintiffs are in the process of drafting an amended complaint and revised motion for a preliminary injunction. Dkt. No. 61 ("After the granting of the previous continuance, Plaintiffs worked properly and diligently to perfect their complaint and file it; and to perfect their application for show cause hearing on

3

preliminary injunction"). But it is not clear to the Court that the plaintiffs intend to respond to the opposition filed by the defendants on August 23, 2013. Dkt. No. 52. The defendants have raised several arguments which, if correct, would defeat the plaintiffs' claims. Among other things, the defendants have argued that:

1. The plaintiffs' claims are barred because the plaintiffs are members of a prior class action lawsuit that resulted in a settlement that released any claim that San Francisco's shelter system, including the manner of reserving shelter beds, is not accessible to them in light of the reasonable accommodations that San Francisco offers. That lawsuit is *Western Regional Advocacy Project v. Mayor Gavin Newsom*, (N.D. Cal. 08-cv-4087 MMC). The Court approved the settlement agreement in that case on August 13, 2010.

2. The Plaintiffs have not shown that they have been or will likely be denied access to San Francisco's shelter system solely because of a disability.

3. The American with Disabilities Act does not require San Francisco to provide open-ended shelter reservations accommodate people with disabilities.

4. There is no likelihood of irreparable harm because "[b]y October 31, HSA expects to offer at least some 90-day beds by lottery, which will reduce the need for disabled people who cannot wait in line to seek accommodations to regular reservation station procedures." Dkt. No. 52 at 17.

The Court has not considered these arguments at this time. It lists them here for the purpose of reminding the plaintiffs that the hearing on October 28, 2013 will address whether the plaintiffs are entitled to the relief they seek with respect to the reservation system for shelter beds. **If the defendants' arguments are correct, then the plaintiffs' motion for a preliminary injunction will be denied.** Any response to the defendants' arguments must be received by the Court by October 15, 2013.[1]

---

[1] The Court's prior order inadvertently ordered the response due on October 14, 2013, which is a Court holiday.

**CONCLUSION**

For the reasons stated above, the plaintiffs' requests at docket numbers 64 and 65 are DENIED.

**IT IS SO ORDERED**.

Dated: October 11, 2013



_____
WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Donald Rose, et al, | Case Number: CV13-03502 WHO |
| Plaintiffs, | **CERTIFICATE OF SERVICE** |
| v. | |
| Trent Rhorer, et al, | |
| Defendants. / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 11, 2013, I SERVED true and correct copies of the attached, by placing said copies in postage paid envelopes addressed to the persons hereinafter listed, by depositing said envelopes in the U.S. Mail.


Donald Rose
The Next Door Homeless Shelter
1001 Polk Street
San Francisco, CA 94109


Elley Fore
165 Capp Street
San Francisco, CA 94103


Larry Richards
The Next Door Homeless Shelter
1001 Polk Street, Bed Number #111
San Francisco, CA 94109

Dated: September 11, 2013

*Jean M. Davis*
Richard W. Wieking, Clerk
  By: Jean Davis, Deputy Clerk