UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ROSE, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>TRENT RHORER, et al.,<br><br>　　　　Defendants. | Case No. 13-cv-03502-WHO<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIAL; GRANTING PLAINTIFFS LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 41, 71 |

## INTRODUCTION

Pro se plaintiffs Donald Rose, Larry Richards, and Elley Fore III have moved for a preliminary injunction requiring the defendants, various agencies and officials of the City and County of San Francisco (collectively, the "City"), to extend Messrs. Richards's and Rose's current homeless shelter reservations by 90 days and to offer Mr. Fore a medical respite bed at the Next Door shelter. Dkt. No. 41. For the reasons stated below, the Court DENIES the motion for a preliminary injunction.

## BACKGROUND

**A. Factual background**

San Francisco funds the operation of approximately 1,100 emergency adult shelter beds. Dkt. No. 54 ("Walton Decl.") ¶ 2. There are more than 6,000 homeless people in San Francisco, more than 60% of whom are estimated to have physical or mental disabilities. *Id*. Ex. A, pp. 7, 26.

1  The shelter system has to meet various regulatory standards.  In addition, the City agreed to
2  specified reforms of the shelter system as part of the settlement of a class action brought against
3  San Francisco by the Western Regional Advocacy Project and two homeless individuals, alleging
4  that the reservation system violated the Americans with Disabilities Act ("ADA").  *See Western*
5  *Regional Advocacy Project v. Mayor Gavin Newsom*, Case No. 08-cv-4087 MMC (N.D. Cal.
6  August 13, 2010) (the "WRAP" action); Dkt. No. 53-3 ("Van Aken Decl., Ex. C"), at pp. 3-9.  The
7  reforms included extending the duration of shelter reservations; supplementing its ADA training
8  for shelter and resource center contractors; and supplementing its transportation services for
9  homeless people with disabilities.  Van Aken Decl., Ex. C at pp. 3-9.

10  The plaintiffs contend that the City's method for assigning beds within the single adult
11  emergency shelter system to homeless people in need of such beds discriminates against them on
12  the basis of their disability.  They contend that the only way to obtain bed reservations is to wait
13  overnight in a line at a resource center, and that they cannot obtain a bed in this manner.
14  Plaintiffs Rose and Richards seek an order requiring the City to extend their current shelter
15  reservations by 90 days, and Plaintiff Fore seeks an order requiring the City to offer him a medical
16  respite bed at the Next Door shelter.

17  The City contends that its resource centers provide suitable accommodations for people
18  with disabilities to access the shelter reservation system, that waiting in line overnight is not
19  necessary to obtain a shelter bed, and that the plaintiffs have repeatedly used the resource centers
20  to obtain shelter reservations successfully.  The City avers that it has a policy to accommodate
21  people with disabilities on a case-by-case basis and that the plaintiffs have never sought
22  accommodation.  Walton Decl. ¶ 9.  The City also notes that the plaintiffs are members of the
23  WRAP class of disabled people who brought the same claim against the City previously, and
24  released that claim in exchange for certain specified reforms to the shelter system.

25  The City has extended the reservations of Messrs. Richards and Rose until January 29,
26  2014, at which time the City says that it will have implemented a system whereby homeless people
27  can make telephone reservations for shelter beds.  Dkt. No. 72-1 at 3.  The City offered a shelter
28  bed at MSC-South to Mr. Fore, which Mr. Fore declined because it was not a respite bed.  *Id*.  The

City has presented evidence that Mr. Fore cannot obtain a bed at his previous shelter, Next Door, because he was denied service there due to alcohol possession and has not grieved the denial. *Id*. The City also contends that respite beds are not available in the single adult emergency shelter system.

### B. Procedural background

The plaintiffs' complaint and initial motion for a temporary restraining order were filed on July 30, 2013. Dkt. No. 1. The plaintiffs filed an amended motion for a temporary restraining order on August 5, 2013. Dkt. No. 41. On August 9, 2013, the Court held a hearing on the motion for a temporary restraining order. Dkt. No. 46. At the hearing, the City agreed to preserve the status quo by continuing to make disabled access beds available to Messrs. Richards and Rose until the parties briefed and the Court addressed the merits of the motion for a temporary restraining order. Mr. Fore indicated that he was not then residing at the shelter, but the City agreed to investigate whether provisions could be made to provide Mr. Fore with shelter accommodation.

The City filed an answer to the complaint on August 22, 2013, and opposed the motion for a temporary restraining order on August 23, 2013. Dkt. Nos. 51, 52. The Court granted the plaintiffs' two requests to continue the hearing on the temporary restraining order, which the Court by then treated as a motion for a preliminary injunction given the amount of time that had elapsed. Dkt. Nos. 60, 63. The plaintiffs subsequently filed various "ex parte" requests unrelated to their underlying complaint. Dkt. Nos. 64, 65, 69. The Court denied these requests. Dkt. Nos. 68, 70. The plaintiffs' motion for a preliminary injunction was heard by the Court on October 28, 2013.[1]

## DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

---

[1] The Court GRANTS the City's motion for leave to file supplemental material as the supplemental material appropriately apprises the Court of new factual developments material to the plaintiffs' motion for a preliminary injunction. Dkt. No. 71.

3

and that an injunction is in the public interest." *Id.* at 20. In addition, the Ninth Circuit has recognized that a plaintiff who shows a likelihood of irreparable harm and that an injunction is in the public interest may prevail if he shows "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell* 632 F.3d 1127, 1135 (9th Cir. 2011) (internal citation and quotation marks omitted).

Under the ADA, to prove a claim for denial of program access, a plaintiff must show that he is disabled under the Act; that he is "otherwise qualified" to participate in a program, service, or activity offered by a public entity, with or without reasonable accommodations; and that he was denied access to that program, service, or activity solely because of his disability. 42 U.S.C. § 12132; *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999). The plaintiff bears the initial burden of proving that a reasonable accommodation exists and that this accommodation would enable him to participate in the program. *Wong v. Regents of Univ. of Cal.*, 192 F.3d 807, 816-17 (9th Cir. 1999). If the plaintiff successfully meets this burden, then the burden shifts to the public entity to produce rebuttal evidence that the accommodation is not reasonable. *Id.*

The plaintiffs have not met their burden to show that it is likely that they will prevail on the merits or that they face irreparable injury. On the merits, in response to the plaintiffs' allegations with respect to the reservation system, the City states that its contractors accommodate individuals on a case by case basis upon request (Walton Decl. ¶ 9), and that the plaintiffs have not alleged that they have ever sought such accommodation, nor have they rebutted the accuracy of the City's description of its policy and practice. Accordingly, the Court finds that the plaintiffs have not shown a likelihood of prevailing.

Separately, Mr. Fore cannot show that he was denied a reservation at Next Door because of his disability. Mr. Fore does not have a current shelter reservation, and refused a reservation at a shelter other than Next Door. But Mr. Fore is ineligible for shelter at Next Door because of that shelter's finding that Mr. Fore violated the shelter's alcohol policy. Dkt. No. 49. Moreover, there is a heightened test for relief by a movant seeking mandatory injunctive relief, *i.e.* injunctive relief that alters the status quo and mandates some affirmative relief to the movant. "When a mandatory preliminary injunction is requested, the district court should deny such relief unless the facts and

law clearly favor the moving party." *See Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994) (internal citation and quotation marks omitted). That standard is not met under the circumstances of Mr. Fore's case.

In addition, neither Mr. Rose nor Mr. Richards can show a likelihood of irreparable harm if the Court does not extend their current shelter reservations. The City has offered extensions of their current shelter reservations through January 31, 2014, by which time the City will have implemented a system whereby homeless people can make telephone reservations for shelter beds. Dkt. No. 72-1 at 3. At the hearing on the motion for a preliminary injunction, Mr. Richards conceded that he does not face irreparable harm. Mr. Rose did not appear at the hearing.

For the reasons stated above, the motion for a preliminary injunction is denied.

## CONCLUSION

The plaintiffs' motion for a preliminary injunction is DENIED. Dkt. No. 41. The defendants' motion for leave to file supplemental material in opposition to the plaintiffs' motion for a preliminary injunction is GRANTED. Dkt. No. 71.

At the hearing on the motion for a preliminary injunction, Mr. Richards sought leave to file an amended complaint. The plaintiffs are GRANTED leave to file an amended complaint. **Any amended complaint shall be filed by December 31, 2013.**[2]

**IT IS SO ORDERED**.

Dated: October 31, 2013

WILLIAM H. ORRICK
United States District Judge

---

[2] Mr. Richards asserted at the hearing on the motion for a preliminary injunction that material critical to litigating this matter effectively has been confiscated by the defendants. At the hearing, the Court directed the City to contact its contractor and afford Mr. Richards the opportunity to reclaim his material in a manner consistent with shelter policy, assuming that the material is still being held by the contractor. The defendants shall provide the Court with a status report as soon as practicable advising the Court how the issue has been addressed. Under all circumstances, however, two months is more than a sufficient amount of time to file an amended complaint and the Court will not be inclined to further extend the time to do so, no matter what the reasons for doing so may be.