UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD ROSE, et al.,

    Plaintiffs,

    v.

TRENT RHORER, et al.,

    Defendants.

Case No. 13-cv-03502-WHO

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 106

*Pro se* plaintiff Larry Richards, currently residing at the Next Door homeless shelter, asks the Court to enjoin defendants San Francisco and various employees of the shelter from denying his extension for a 30-day extension of his reservation.[1] Dkt. No. 106. Mr. Richards claims that the defendants are discriminating against him because he is disabled and in retaliation for him filing this lawsuit.[2] The defendants filed an opposition (Dkt. No. 107) and Mr. Richards filed a further brief on this matter. Dkt. No. 108. Having reviewed the briefing, the Court finds that Mr. Richards has not shown a likelihood of establishing that the defendants discriminated against him. The Court therefore DENIES the motion. *See, e.g., Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008).

Mr. Richards initiated this action in July 2013. Dkt. No. 1. At that time, his initial 90-day reservation at the shelter had already been extended several times to 220 days. *See* Dkt. No. 54 ¶ 19. On October 17, 2013, the City granted Mr. Richards an additional 90-day extension after the complaint was filed because the City's planned switch to a telephone method for reserving shelter

---

[1] Mr. Richards's filing is styled "Petition for Emergency Protection from the Court Due Specifically to Defendants Walton and Gunther, et al, Retaliating Against Plaintiffs and Threatening Their Lives! By Denying Routine 30-Day Extension Shelter Bed Reservations." I construe Mr. Richards's filing as a motion for a temporary restraining order.

[2] The Court's order at Docket Number 77 sets forth additional background on the plaintiffs' complaint against the defendants.

would moot Mr. Richards's complaints about the shelter-reservation system. Dkt. No. 79-1 at 2. The further 90-day extension ran through January 29, 2014. The further 90-day extension "is eligible for one 30-day extension by your request." *Id*. Mr. Richards requested the additional 30-day extension, which extended his reservation until February 28, 2014. The City extended his reservation through the weekend until March 3, 2014. Dkt. No. 107 at 2.

A temporary restraining order (like a preliminary injunction) is an extraordinary remedy. *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). A plaintiff seeking a temporary restraining order must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. Mr. Richards has not established that he is likely to succeed on the merits and is therefore not entitled to this extraordinary remedy. On the contrary, the facts show that the defendants repeatedly extended Mr. Richards's reservation and informed him several months ago that his reservation would expire at the end of February, which the City then extended by three days.

## CONCLUSION

For the reasons stated, Mr. Richards's motion for a temporary restraining order is DENIED.

**IT IS SO ORDERED**.

Dated: March 4, 2014

WILLIAM H. ORRICK
United States District Judge